| | |
|---|---|
| **Alphabet Workers Union – Communication Workers of America, Local 9009,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**National Labor Relations Board,**<br><br>**Respondent.** | **D.C. Cir. Case No. 24-1003**<br><br>**Consolidated Cases:**<br>**D.C. Cir., 24-1014**<br>**D.C. Cir., 24-1016** |

## <u>GOOGLE LLC'S MOTION TO INTERVENE</u>

Pursuant to Federal Rules of Appellate Procedure 15(d) and D.C. Circuit Rule 15(d), Respondent / Cross-Petitioner Google LLC ("Google") moves to intervene in opposition to the petition for review filed by Petitioner Alphabet Workers Union – Communications Workers of America, Local 9009 ("AWU-CWA").  In the order on review, the National Labor Relations Board agreed with the AWU-CWA's argument that Google is a joint employer with Respondent / Cross-Petitioner Cognizant Technology Solutions U.S. Corporation ("Cognizant"), and therefore found that Google violated Section 8(a)(5) and (1) of the National Labor Relations Act ("the Act") by failing to recognize and bargain with the AWU-CWA.

While the AWU-CWA prevailed before the NLRB, it nonetheless filed the above-captioned petition for review.  That petition for review is consolidated with

1

Google and Cognizant's petitions for review before this Court. In its petition for review, AWU-CWA states that it has been aggrieved "by the Board's failure to issue appropriate relief." Based on AWU-CWA's positions below, Google understands that AWU-CWA intends to challenge the Board's decision to reject the imposition of extraordinary remedies in this ordinary test-of-certification case, which Google opposed before the NLRB.

Google, as the prevailing party in an NLRB proceeding with respect to the remedies issue, has the right to intervene to defend the Board's judgment in its favor. *See, e.g., Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., AFL–CIO, Local 283 v. Scofield*, 382 U.S. 205, 208-210 (1965) (where a party succeeds only partially before the NLRB, it has the right to intervene and defend the portions of the Board's order on which it prevailed). This is true even where, as here, both parties file petitions for review, *id*, and when those cross-petitions are consolidated. *See, e.g., Leggett & Platt, Inc. v. NLRB*, No. 20-01060 (D.C. Cir. Mar 02, 2020); *Tesla, Inc. v. NLRB*, No. 21-60285 (5th Cir. filed Apr. 2, 2021).

This motion to intervene is timely under Federal Rule of Appellate Procedure 15(d) and D.C. Circuit Rule 15(d) because it is filed within 30 days of January 5, the date the AWU-CWA filed its petition for review. Google respectfully requests that this motion be GRANTED and that Google be permitted to intervene to oppose AWU-CWA's petition.

Dated:     February 5, 2024     Respectfully Submitted,

*/s/ Matthew J. Silveira*
Matthew J. Silveira
Aaron L. Agenbroad
Erin E. McMahon
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Tel. (415) 875-5715
Fax (415) 875-5700
msilveira@jonesday.com
alagenbroad@jonesday.com
emcmahon@jonesday.com

Justin Martin
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel. (305) 714-9705
Fax (305) 714-9799
jmartin@jonesday.com

*Counsel for Google LLC*
*Proposed Intervenor*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Google LLC ("Google") hereby states as follows:

Google is a technology company alleged to be a joint employer with Cognizant Technology Solutions U.S. Corporation in the underlying proceedings. Petitioner Google LLC has a parent corporation, Alphabet Inc., who holds 78.75% of its stock.

DATED: February 5, 2024

*s/ Matthew J. Silveira*
Matthew J. Silveira

*Counsel for Google LLC*
*Proposed Intervenor*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on February 5, 2024, a true and correct copy of the foregoing

was filed electronically and served on counsel of record for all other parties

through this Court's CM/ECF system to the following counsel:

*Counsel for AWU-CWA*
Karla M. Campbell
Michael C. Iadevaia
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
kcampbell@stranchlaw.com
miadevaia@stranchlaw.com

*Counsel for NLRB*
Ruth E. Burdick
Joel Abraham Heller
Milakshmi Varuni Rajapakse
National Labor Relations Board
1015 Half Street, SE
Washington, D.C. 20570
appellatecourt@nlrb.gov
joel.heller@nlrb.gov
milakshmi.rajapakse@nlrb.gov

*Counsel for Cognizant*
J. Al Latham, Jr.
Cameron W. Fox
Paul Hastings LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
allatham@paulhastings.com
cameronfox@paulhastings.com

Carlos Torrejon
Paul Hastings LLP
200 Park Avenue, 30th Floor
New York, NY 10166
carlostorrejon@paulhastings.com

*/s/ Matthew J. Silveira*
Matthew J. Silveira
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Tel. (415) 875-5715
Fax (415) 875-5700
msilveira@jonesday.com