**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| Alphabet Workers Union – Communication Workers of America, Local 9009,<br><br>Petitioner,<br><br>v.<br><br>National Labor Relations Board,<br><br>Respondent. | **ORAL ARGUMENT NOT YET SCHEDULED**<br><br>**Case No. 24-1003**<br><br>Consolidated with Case Nos. 24-1014, 24-1016, 24-1021, 24-1022 |

## <u>COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION'S MOTION TO TRANSFER</u>

Cognizant Technology Solutions U.S. Corporation respectfully requests that the Court exercise its discretion, under 28 U.S.C. § 2112(a)(5) and its inherent authority, to transfer the above-captioned consolidated cases to the U.S. Court of Appeals for the Fifth Circuit.[1]

---

[1] On February 5, 2024, Cognizant moved for leave to intervene in the Union's docket, Case No. 24-1003. That motion is pending.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................1

BACKGROUND ....................................................................................................3

    I.     Board Proceedings....................................................................................3

         A.     The Representation Matter......................................................3

         B.     The Unfair Labor Practice Matter...............................................4

         C.     The Board Order ...................................................................6

    II.    Petitions for Review .................................................................................7

ARGUMENT .........................................................................................................7

    I.     The cases should be transferred to the Fifth Circuit. ...........................7

         A.     The Union is not "genuinely aggrieved." ..................................8

         B.     The Union's request for extraordinary remedies was a strategic move to secure a venue of its choice...........................8

    II.    Convenience factors further justify transfer to the Fifth Circuit........12

CONCLUSION....................................................................................................12

## INTRODUCTION

"A party, whether it be employer or union, should not search out a remedy to request from the Board in an effort to choose a forum of review." *Liquor Salesmen's Union Local 2 v. NLRB*, 664 F.2d 1200, 1209 (D.C. Cir. 1981). But that is exactly what the Alphabet Workers Union has done here.

Cognizant and Google refused to bargain with the Union in order to obtain judicial review of the Board's determination, in the underlying representation case, that they are joint employers. In other words, this is an ordinary test-of-certification case. The Board ordered "the customary remedies for test-of-certification cases." *Cognizant Tech. Sols. U.S. Corp.*, 373 N.L.R.B. No. 9, slip op. at 3 n.6 (Jan. 3, 2024) ("Board Order"), attached hereto as Exhibit A. In addition, per the now-routine request of the NLRB's General Counsel in test-of-certification cases, the Board severed for later consideration the possibility of granting "compensatory" remedies—which would require current Board case law to be overruled. *Id.* at 3. Thus, having received all the "customary" remedies for Cognizant's and Google's refusal to bargain, plus the possibility of further "compensatory" remedies if Board law changes, the Union had nothing to complain about. But in a transparent attempt to punch its ticket in the Multidistrict Litigation Panel's forum-selection lottery, the Union asked the Board for a half-

1

dozen or so extraordinary remedies (*not* counting "compensatory" remedies that the Board might yet consider).

The Union's own briefing to the Board acknowledged that its requested remedies were "[e]xtraordinary." Union's Mem. in Supp. of Mot. for Summary Judgment 9 (citation omitted) ("Union MSJ"), attached hereto as Exhibit B. In other words, its requested remedies were reserved for particularly pervasive and egregious unfair labor practices. And although the Union peppered its briefing with unfounded unfair labor practice allegations outside the record, it based its request for remedies *solely* on this case, the test-of-certification case: "To be clear, the Union does not seek remedies related to these other unfair labor practices; the remedies it seeks here are only related to the Employers' refusal to recognize the Union." Union Reply to Opp. to Mot. for Summary Judgment 7 ("Union Reply"), attached hereto as Exhibit C.

Thus, the Union knew perfectly well that the half-dozen or so extraordinary remedies it sought would not—indeed, could not—be granted in this test-of-certification case. They were requested for reasons this Court has long condemned: "in an effort to choose a forum of review." *Liquor Salesmen's*, 664 F.2d at 1209. It should be stressed that the forum-shopping the Union has attempted here is not hard to replicate. Any lawyer paying attention could do the same. There would be

nothing to distinguish this Union's list of extraordinary remedies from that which any other litigant could compile.

The Alphabet Workers Union is not "genuinely aggrieved" by the Board's decision. *Id.* On the other hand, "[i]n reviewing orders of the NLRB, the courts of appeals have placed special emphasis on the choice of forum of the truly aggrieved party." *Id.* at 1204. There are two "truly aggrieved" parties before the Court: Cognizant and Google. Their choice of forum was the Fifth Circuit—which is where their alleged unfair labor practices occurred. To respect the choice of the "truly aggrieved" parties, review of the Board Order should be transferred to the Fifth Circuit.

## BACKGROUND

### I.    Board Proceedings

#### A.    The Representation Matter

Cognizant provides services to Google LLC for its YouTube Music Content Operations ("MCO") streaming platform. This work is performed by Cognizant's employees at Cognizant's office in Austin, Texas. On October 21, 2022, the Alphabet Workers Union filed a representation petition with Region 16 of the NLRB seeking to represent a subset of MCO employees. In doing so, the Union alleged that Cognizant and Google are joint employers.

3

A Pre-Election Hearing was conducted and, thereafter, the Regional Director of Region 16 issued a decision finding that Google is a joint employer with Cognizant of the MCO employees in the unit later certified in Case No. 16-RC-305751. The Board subsequently denied Cognizant's and Google's requests for review and affirmed the Regional Director's joint-employer finding. *See Cognizant Tech. Sols. U.S. Corp.*, 372 N.L.R.B. No. 108 (Jul. 19, 2023), attached hereto as Exhibit D.

### B.    The Unfair Labor Practice Matter

In order to obtain judicial review of the representation case, Cognizant and Google declined to bargain with the Union. *See 800 River Rd. Operating Co. v. NLRB*, 846 F.3d 378, 385 (D.C. Cir. 2017) ("To obtain review, an employer must refuse, as Woodcrest did here, to bargain with the Union."). The Union subsequently filed an unfair labor practice charge against Cognizant and Google. In its Complaint, the NLRB General Counsel alleged *only* that Cognizant and Google refused to bargain with the Union; it did not allege any other violations or misconduct. Compl. 4 (filed Sept. 25, 2023), attached hereto as Exhibit E. The General Counsel moved for summary judgment, requesting that the Board order Cognizant and Google to bargain with the Union and issue a compensatory make-whole remedy for their having declined to bargain.

The Union filed a separate motion for summary judgment in which it requested additional, extraordinary remedies that the Board reserves for cases of egregious misconduct. *See* Ex. B, Union MSJ. Specifically, the Union requested that (1) the CEOs of Cognizant and Google both be ordered to read a remedial notice aloud to members of the bargaining unit (*id.* at 9-10) ("Notice Reading"); (2) a supplemental "Explanation of Rights" notice be ordered (*id.* at 10-11) ("Supplemental Notice"); (3) Cognizant and Google be ordered to mail these notices to employees (*id.* at 11) ("Notice Mailing"); (4) the notices be posted for an extended period of time until a first contract with the Union is reached (*id.*) ("Extended Posting"); (5) the Board impose a bargaining schedule (*id.* at 11-12) ("Bargaining Schedule"); and (6) Cognizant's and Google's supervisors and managers attend mandatory training on employees' rights under the National Labor Relations Act ("NLRA") (*id.* at 12) ("Mandatory Training"). The Union called these "Prospective Remedies."[2]

---

[2] The Union's summary judgment motion lists these extraordinary remedy requests under a "Prospective Remedies" heading, as distinguished from its separate request for a "Compensatory Make-Whole Remedy" under a different heading. Ex. B, Union MSJ at 8-9, 13. The Board has severed the Union's and General Counsel's requests for compensatory make-whole relief. *See* I(C), *infra*. As such, the Union's requested compensatory remedies are not part of the final Board Order under review. *See Stephens Media, LLC v. NLRB*, 677 F.3d 1241, 1250 (D.C. Cir. 2012).

Cognizant and Google both opposed the Union's "Prospective Remedies" on the grounds that they are unwarranted in a simple test-of-certification case and that the General Counsel's Complaint (which contained a sole refusal-to-bargain allegation) alleges no basis for any of these extraordinary remedies.

### C.    The Board Order

The Board declined to revisit its conclusion in the representation case that Cognizant and Google were joint employers and accordingly held that they had violated the NLRA by refusing to bargain. Ex. A, Board Order at 2-3. The Board awarded the Union all the "customary remedies for test-of-certification cases." *Id.* at 3 n.6. These included ordering Cognizant and Google to (1) recognize and bargain with the Union and (2) post a remedial notice at Cognizant's office in Austin. *Id.* at 3-4.

The Board severed and retained for later consideration the General Counsel's and the Union's requests for a compensatory make-whole remedy, noting that this would require overruling precedent. *Id.* at 3. The Board said that it would issue a supplemental order on this matter at a later date. *Id.* The Board also denied the Union's extraordinary requests for "Prospective Remedies" because it had already provided the "customary" relief issued in this type of case. *Id.* at 3 n.6.

## II.    Petitions for Review

The Union filed its petition for review in this Court, asserting that it is "aggrieved by the Board's failure to issue appropriate relief in contravention of its obligations under the NLRA." Union Pet. for Review, Case No. 24-1003, Doc. 2035116, at 2 (filed Jan. 5, 2024). Cognizant and Google filed petitions for review in the Fifth Circuit to contest the validity of the Board's certification of representative in the underlying representation case. Pursuant to 28 U.S.C. § 2112(a)(3), the Judicial Panel on Multidistrict Litigation randomly designated this Court as the venue in which to consolidate the three petitions. The Fifth Circuit thereafter transferred Cognizant's and Google's petitions here.

Cognizant and Google each moved for leave to intervene in the Union's docket, Case No. 24-1003, and the Union moved to intervene in Cognizant's and Google's dockets, Case Nos. 24-1016 and 24-1014, respectively. Those motions are pending. The NLRB cross-petitioned to enforce its Board Order against both companies, docketed as Case Nos. 24-1021 and 24-1022. The Court has consolidated all five cases.

### ARGUMENT

## I.    The cases should be transferred to the Fifth Circuit.

Were it not for the Union's petition, these cases would be in the Fifth Circuit, where both Cognizant and Google filed their petitions for review and

7

where the alleged unfair labor practices took place. Because the Union is not "genuinely aggrieved" by the Board Order denying extraordinary remedies, the Court should transfer these cases back to the Fifth Circuit. *See Liquor Salesmen's*, 664 F.2d at 1209; 28 U.S.C. § 2112(a)(5) ("For the convenience of the parties in the interest of justice, the court in which the record is filed may thereafter transfer all the proceedings with respect to that order to any other court of appeals.").

### A. The Union is not "genuinely aggrieved."

As this Court has held, venue should not be determined by a petitioner who is not "genuinely aggrieved" by the challenged NLRB order. *Liquor Salesmen's*, 664 F.2d at 1209. A union is not "genuinely aggrieved" when it has "substantially prevailed before the Board" and contests merely the "Board's refusal to grant it additional ancillary relief." *Id.* at 1208-09. A petition premised on "inherently implausible or insubstantial" injuries should also not determine venue. *Id.* at 1208 (quoting *Am. Pub. Gas Ass'n v. FPC*, 555 F.2d 852, 858 n.5 (D.C. Cir. 1976)).

The Union here is not genuinely aggrieved. Far from it. The Union won a complete victory before the Board. In so ruling, the Board awarded the Union "the customary remedies for test-of-certification cases." Ex. A, Board Order at 3 n.6.

### B. The Union's request for extraordinary remedies was a strategic move to secure a venue of its choice.

Each of the Union's requests found in the "Prospective Remedies" section of its summary judgment motion is truly extraordinary, rarely ordered, and reserved

for severe and egregious misconduct. These remedies are not granted in straightforward test-of-certification proceedings. The Union knew this perfectly well, as shown by the authorities it cited.

### 1.    Notice Reading

In support of its notice-reading request, the Union cited *Noah's Ark Processors, LLC*, 372 N.L.R.B. No. 80 (Apr. 20, 2023) and *Salem Hospital Corp.*, 363 N.L.R.B. 515 (2015). Ex. B, Union MSJ at 9-10. In *Noah's Ark*, the Board held that a notice-reading was "amply warranted" because the case involved "a recalcitrant or recidivist employer" that "committed widespread or egregious violations." 372 N.L.R.B. No. 80, slip op. at 5, 11 (*e.g.*, threats and coercion, unlawful discharges, and more). Similarly, in *Salem Hospital*, the Board found a notice reading was "warranted by the serious and persistent nature of the Respondent's unfair labor practices, especially in light of its repetition of the same type of misconduct previously found unlawful." 363 N.L.R.B. at 515 n.3.

### 2.    Supplemental Notice

In support of its extraordinary request for an "Explanation of Rights" notice, the Union cited *Amerinox Processing, Inc.*, 371 N.L.R.B. No. 105, slip op. at 4 (June 3, 2022). Ex. B, Union MSJ at 10-11. But *Amerinox* held this "additional extraordinary remedy" was needed to dissipate "the effects of the Respondent's

9

extensive and serious unfair labor practices," which the Board found "egregious and pervasive." *Id.*

### 3. Notice Mailing and Extended Posting

The Union again relied on *Noah's Ark* in support of the requested extraordinary remedies of a Notice Mailing and Extended Posting Period. Ex. B, Union MSJ at 11. Specific to these remedies, *Noah's Ark* held they are warranted when a case involves "repeat offenders," "those who have engaged in egregious or widespread misconduct," or "repeated or flagrant violations" that are "so pervasive" they are likely to linger. 372 N.L.R.B. No. 80, slip op. at 9, 12 n.52.

### 4. Bargaining Schedule

The Union neglected to mention to the Board that the case it relied upon in requesting a bargaining schedule was a default-judgment case in which multiple discharges and other egregious unfair labor practices, all uncontested, warranted extraordinary remedies like a bargaining schedule. *See* Ex. B, Union MSJ at 11-12; *Crushin' It LLC*, 372 N.L.R.B. No. 100 (June 29, 2023).

### 5. Mandatory Training

For mandatory training, the Union cited *HTH Corp.*, 361 N.L.R.B. 709, 709-11 (2014), *enforced in part*, 823 F.3d 668 (D.C. Cir. 2016), a case involving numerous violations of the NLRA, various other extraordinary remedies granted,

and an employer with a "10-year history of violations before" the Board. Ex. B, Union MSJ at 12.

* * *

In citing all of these manifestly inapposite cases, the Union made no effort to explain how it could sustain extraordinary remedies in *this* case—a straightforward test-of-certification case. But the Union didn't attempt such a linkage, for its purpose was served by the Board's denial. All too transparently, the Union's purpose was to "search out a remedy to request from the Board in an effort to choose a forum of review." *Liquor Salesmen's*, 664 F.2d at 1209.

In *Liquor Salesmen's*, the denial of a request for "extraordinary relief" in the form of attorneys' fees did not render a party "genuinely aggrieved." *Id.* at 1208. Likewise here, the Union's scattershot requests for extraordinary remedies that were obviously not going to be granted does not make the Union "genuinely aggrieved." *See also Insurance Workers Int'l Union v. NLRB*, 360 F.2d 823, 827 (D.C. Cir. 1966) (holding that the union was not "such a person aggrieved as to be entitled to seek review of the Board's order" when the relief awarded "already comprehends to the extent possible" the bargaining remedy sought and the employer filed its petition in a different venue).

11

This Court should use its inherent authority, and its authority under 28 U.S.C. § 2112(a)(5),[3] "to curb this abuse," *Liquor Salesmen's*, 664 F.2d at 1204, by transferring this case to the Fifth Circuit, the choice of the truly aggrieved parties.

## II.  Convenience factors further justify transfer to the Fifth Circuit.

Transfer here is also consistent with the principles of convenience. When considering convenience, the Court may consider the residence of the parties, the location of counsel, and the place where the alleged unfair labor practice took place. *See Liquor Salesmen's*, 664 F.2d at 1209. Here, neither party's counsel of record are located in either circuit, rendering that factor neutral. But both Cognizant and the Union conduct business in Texas, and the alleged unfair labor practice took place there. No convenience factor weighs in favor of maintaining venue in this Court.

## CONCLUSION

Accordingly, Cognizant respectfully requests that the consolidated cases be transferred to the Fifth Circuit.

---

[3] Federal courts have continued to grant transfer under § 2112(a)(5) after the Congressional amendment providing for the MDL lottery. *See*, *e.g.*, *Dynegy Power Mktg., Inc. v. FERC*, No. 04-1034, 2005 WL 318769, at *1 (D.C. Cir. Feb. 9, 2005); *Sacramento Mun. Util. Dist. v. FERC*, 683 F.3d 769, 770 (7th Cir. 2012).

12

Dated:        February 20, 2024            Respectfully submitted,


                                            /s/ Cameron W. Fox
                                          Cameron W. Fox

                                          Cameron W. Fox
                                          J. Al Latham Jr.
                                          PAUL HASTINGS LLP
                                          515 South Flower Street, 25th Floor
                                          Los Angeles, CA 90071
                                          Telephone: (213) 683-6000
                                          allatham@paulhastings.com
                                          cameronfox@paulhastings.com

                                          Carlos Torrejon
                                          PAUL HASTINGS LLP
                                          200 Park Avenue, 30th Floor
                                          New York, NY 10166
                                          Telephone: (212) 318-6000
                                          carlostorrejon@paulhastings.com

                                          *Attorneys for Cognizant Technology
                                          Solutions U.S. Corporation*

13

## RULE 26.1 DISCLOSURE

Cognizant Technology Solutions U.S. Corporation is a professional-services company. Cognizant has a single parent company, Cognizant Technology Solutions Corporation, which is publicly traded and holds 100 percent of Cognizant's stock.

*/s/ Cameron W. Fox*
Cameron W. Fox

*Attorney for Cognizant Technology Solutions U.S. Corporation*

14

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and D.C. Cir. R. 32(e)(1), this document contains 2,641 words.

*/s/ Cameron W. Fox*
Cameron W. Fox

*Attorney for Cognizant Technology Solutions U.S. Corporation*

# CERTIFICATE OF SERVICE

I certify that on February 20, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit through the CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Cameron W. Fox*
Cameron W. Fox

*Attorney for Cognizant Technology Solutions U.S. Corporation*