**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| ALPHABET WORKERS UNION-COMMUNICATION WORKERS OF AMERICA, LOCAL 9009<br>Petitioner<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD<br>Respondent<br><br>COGNIZANT U.S. TECHNOLOGY SOLUTIONS CORP. and GOOGLE, LLC<br>Intervenors | ) | Nos. 24-1003, 24-1014, 24-1016, 24-1021, 24-1022 |

**RESPONSE OF THE NATIONAL LABOR RELATIONS BOARD TO MOTION TO TRANSFER**

To the Honorable, the Judges of the United States Court of Appeals for the District of Columbia Circuit:

In response to Cognizant U.S. Technology Solutions Corp.'s motion to transfer, which Google, LLC joins, the National Labor Relations Board shows as follows:

1. This consolidated case involves three petitions for review of a Board order finding that Google and Cognizant unlawfully refused to bargain with Alphabet Workers Union-Communications Workers of America, Local 9009 as the representative of a group of their jointly employed employees. 373 NLRB No. 9

(2024). Local 9009 petitioned for review in this Court, and Google and Cognizant petitioned for review in the Fifth Circuit. Pursuant to 28 U.S.C. § 2112(a)(3), the Judicial Panel on Multidistrict Litigation randomly selected this Court as the forum. Cognizant and Google now seek to transfer the case back to the Fifth Circuit. They argue that their choice of forum should take precedence despite the Panel's order because Local 9009 was not "genuinely aggrieved" by the Board's Order or because the Fifth Circuit is the more convenient forum. The Board disagrees with Cognizant's and Google's arguments regarding aggrievement under the National Labor Relations Act, but takes no position on whether transfer is warranted as a matter of convenience.

2. Local 9009 is an aggrieved party under the judicial-review provision of the National Labor Relations Act. Under Section 10(f) of the Act, "[a]ny person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought" may file a petition for review of that order. 29 U.S.C. § 160(f). The party may file "in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia." *Id.*

Before the Board, Local 9009 sought multiple remedies that the Board declined to award. It asked for an order requiring Cognizant and Google to

recognize and bargain with Local 9009, extension of the certification year, make-whole relief for the lost opportunity to engage in collective bargaining, reading and mailing of a remedial notice, posting of an additional Explanation of Rights notice, imposition of a bargaining schedule, and mandatory training for supervisors and managers regarding employee rights under the Act. The Board granted only the first two requested remedies and severed the third for further consideration. It denied the rest. The Order under review is thus a final Board order "denying … in part the relief sought" by Local 9009. 29 U.S.C. § 160(f).

3. Cognizant and Google nevertheless contend that Local 9009 is not "genuinely aggrieved." (Mot. 8.) They note that Local 9009 prevailed on the merits of the unfair labor practice and received some of its requested remedies. They also allege that the request for additional remedies was solely an attempt to position Local 9009 to choose a forum for judicial review when the requests were denied. Neither argument has merit.

Denial of a request for additional remedies can produce genuine aggrievement, even when the party seeking review otherwise succeeded on the merits. *See, e.g.*, *Truck Drivers & Helpers Local 728 v. NLRB*, 386 F.2d 643, 644 (D.C. Cir. 1967) (denying motion to transfer where "the failure of the Board to grant the additional relief sought renders the Union a 'person aggrieved' by the Board's order"); *UAW v. NLRB*, 373 F.2d 671, 673-74 (D.C. Cir. 1967) (denying

motion to transfer on grounds that Board's denial of union's request for compensatory remedies rendered it "genuinely aggrieved"); *see also Textile Workers Union of Am. v. NLRB*, 475 F.2d 973, 974 & n.2 (D.C. Cir. 1973) (finding aggrieved union that had "petitioned for review of the Board's refusal to order more stringent remedies"). Indeed, *Liquor Salesmen's Union Local 2 v. NLRB*—the case that Cognizant and Google primarily rely upon—recognized as much. The Court made clear that it did not "intend to suggest that a request for extraordinary relief denied by the Board will never render the charging party genuinely aggrieved." 664 F.2d 1200, 1208 (D.C. Cir. 1981).

Contrary to Cognizant's and Google's aspersions, asking the Board to expand potential remedies, or to apply existing remedies in a new context, can be a legitimate and successful argument. The Board's remedial orders evolve over time, in part because charging parties pursue novel remedies. In recent years, the Board has granted new remedies or standardized the use of remedies that it previously had applied only in certain cases. *See, e.g.*, *Thryv, Inc.*, 372 NLRB No. 22, 2022 WL 17974951, at *9-10 (2022) (make-whole relief for direct or foreseeable pecuniary harms of unfair labor practice), *petition for review pending*, 5th Cir. No. 23-60132; *Don Chavas, LLC*, 361 NLRB 101, 104-05 (2014) (compensation for adverse tax consequences of receiving lump-sum backpay award); *J. Picini Flooring*, 356 NLRB 11, 12-15 (2010) (electronic notice posting); *Ky. River Med.*

*Ctr.*, 356 NLRB 6, 6 (2010) (compound interest for backpay). Some of those remedies had long been sought unsuccessfully before the Board ultimately adopted them. *See, e.g.*, *Ky. River*, 356 NLRB at 6 (granting remedy that "[t]he Board has consistently declined to do" over the past twenty years). The Board also has clarified when it would award certain remedies. *Noah's Ark Processors, LLC*, 372 NLRB No. 80, 2023 WL 3074926, at *4-10 (2023), *petition for review pending*, 8th Cir. No. 23-1895. Moreover, charging parties can ask the Board to award remedies even beyond what the Board's General Counsel seeks. *Kaumagraph Corp.*, 313 NLRB 624, 624-25 (1994).

Charging parties' efforts to advance the law regarding Board remedies thus are not the kind of "inherently implausible or insubstantial" arguments that cannot result in genuine aggrievement when unsuccessful. *Liquor Salesmen's Union*, 664 F.2d at 1208 (internal quotation omitted). Moreover, the remedies that Local 9009 sought, but did not receive, are not "inconsequential." *Id.* at 1205. If the Board had granted those remedies, Cognizant and Google would have been aggrieved and could, and likely would, have challenged them on review. Nor are they "ancillary" to the underlying issue in the case. *Id.* at 1208-09. At least some of Local 9009's requested remedies, such as a bargaining schedule, were directly related to the failure-to-bargain violation that the Board found.

In addition, Cognizant's and Google's contentions regarding Local 9009's purportedly ulterior "purpose" in requesting the remedies are both speculative and misplaced. (Mot. 11.) The Court "consider[s] the motivation issue largely irrelevant" to the aggrievement analysis. *UAW*, 373 F.2d at 673. The possibility of transfer based on insufficient aggrievement "is not to be taken as permitting trial by affidavit on the issue of motivation." *Id.* at 674.

4. None of this is to say that Local 9009 should prevail on its petition for review, but rather that its petition was properly filed in this Court as an aggrieved party. In its merits brief, the Board will defend its exercise of remedial discretion in declining to order Local 9009's requested remedies under the facts of this case. Cognizant's and Google's efforts to litigate the appropriateness of those remedies now, as part of their argument to transfer the case (Mot. 9-10), would transform the motion to transfer into an improper "appeal within an appeal." *Liquor Salesmen's Union*, 664 F.2d at 1208.

5. Finally, the Board takes no position on whether transfer is warranted "[f]or the convenience of the parties in the interest of justice" under 28 U.S.C. § 2112(a)(5). It defers to the Court's judgment in weighing and balancing the convenience factors and arguments that the other parties identify in their filings.

Respectfully submitted,

/s/ Ruth E. Burdick

Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street SE
Washington, DC 20570
(202) 273-2960

Dated at Washington, DC
this 1st day of March 2024

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the Board certifies that this document contains 1,248 words of proportionally spaced, 14-point type, and the word-processing system used was Microsoft Word for Office 365.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. I certify further that the foregoing document was served on all parties or their counsel of record through the appellate CM/ECF system.

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street SE
Washington, DC 20570
(202) 273-2960

Dated at Washington, DC
this 1st day of March 2024